**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IGNACIO ADALBERTO REYES,

    Petitioner,

v.                                                            CASE NO: 8:08-CV-2146-T-30EAJ
                                                                    Crim. Case No: 8:07-CR-00151-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. 1). The Court has considered the petition, Respondents' motion to dismiss (CV Dkt. 4) and Petitioner's reply (CV Dkt. 9). Because the petition fails to set forth grounds sufficient to vacate the sentence, Petitioner's motion will be denied.

## **BACKGROUND**

Petitioner, Ignacio Adalberto Reyes (hereinafter referred to as "Petitioner"), was charged by indictment (CR Dkt. 1) on May 3, 2007, with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§7053(a)(1), 7056(a), and 7056(b) and 21 U.S.C. §960(b)(1)(B)(ii) (Count One); and knowingly and intentionally possessing with the intent to distribute five kilograms or more of a mixture and substance

containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§7053(a)(1) and 7056(a), 18 U.S.C. §2, and 21 U.S.C. §960(b)(1)(B)(ii) (Count Two). (CR Dkt.1).

Represented by court-appointed counsel, Petitioner entered a plea of guilty to Count One on June 26, 2007 pursuant to a written plea agreement executed June 25, 2007. (CR Dkt. 73). One consequence of Petitioner's plea agreement is his waiver of the right to appeal his sentence:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

CR Dkt. 73 at 10. Under the terms of the Petitioner's plea agreement, the Government agreed to dismiss Count Two of the indictment. Petitioner was sentenced to 87 months imprisonment, and 60 months supervised release. (CR Dkt. 132 and 136).

## **DISCUSSION**

On October 24, 2008, Petitioner filed his §2255 motion asserting four claims for relief. (CV Dkt. 1). First, Petitioner alleges he was convicted from evidence that was gained pursuant to an unconstitutional search and seizure; second, he was convicted from evidence

obtained from an unlawful arrest; third, there was a violation of United States laws and procedures because he did not see a judge until seven days after his arrest; and fourth, he was subjected to torture and cruel and unusual punishment while in custody on board the Coast Guard vessel in route to port. (CV Dkt. 1 at 7-8).

Title 28 U.S.C. §2255 sets forth the framework for reviewing a federal prisoner's sentence for one of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255. Petitioner's claims address none of these categories.

All of Petitioner's asserted constitutional violations allegedly occurred before he entered his guilty plea. By pleading guilty, Petitioner waived all such claims. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (U.S. 1973).

Moreover, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings. *United States v. Aguilar*, 196 Fed. Appx. 837, 838-39 (11th Cir. 2006) (citing *United States v. Patti,* 337 F.3d 1317, 1320 (11th Cir. 2003)). The Petitioner's claims of an unconstitutional search and seizure of the fishing vessel, unlawful arrest leading to his conviction, violation of the procedure of first appearing before a judge, and cruel and unusual

punishment contentions are all nonjurisdictional defects that were voluntarily waived by his pleading guilty. Petitioner makes no claim that his guilty plea was not knowingly and voluntarily entered.

Likewise, Petitioner makes no claim that his written plea agreement was not knowingly and voluntarily executed. Petitioner waived his right to collaterally attack his sentence on these grounds in his plea agreement. "Every Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence . . . ." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). "A contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver . . . thus rendering the waiver meaningless." *Id.*

For these reasons *supra*, the Petitioner's §2255 motion is subject to summary denial. Even if the claims had not been waived, they would have failed on the merits.

In his first claim, Petitioner alleges the United States did not have jurisdiction in international waters. It is now well settled that the United States does have jurisdiction in cases like Petitioner's. *United States v. Tinoco*, 304 F.3d 1088, 1116 (11th Cir. Fla. 2002). Under the Fourth Amendment, the Coast Guard may stop and board a foreign vessel in international waters if it has a reasonable suspicion that the vessel is engaged in activity that violates United States law. *Id.* at 1116. The facts of the plea agreement state that the fishing vessel was of Honduran registry and the country of Honduras consented to United States jurisdiction over the vessel. (CR Dkt. 73 at 12). The Coast Guard may stop (seize) and

board any vessel on the high seas, so long as the vessel is "subject to the jurisdiction, or to the operation of any law, of the United States." *United States v. Williams*, 617 F.2d 1063, 1075 (5th Cir. 1980); *see also,* 14 U.S.C. §89(a); 46 U.S.C. §70502(c)(1)(E). Since the United States had jurisdiction, the search and seizure of the fishing vessel was not unconstitutional and the arrest of the Petitioner (the second claim) was not unlawful.

Petitioner's third claim contends that United States laws and procedures were violated, because during the course of his arrest and transport to the United States, he did not see a judge until seven days after his arrest. (CV Dkt. 1 at 7). The Court interprets this contention to refer to the Petitioner's right to an early first appearance before a judge. Petitioner made no specific legal allegation of this in his petition or reply. (CV Dkt. 9 at 2-7). Petitioner does not assert that the delay prejudiced his ability to defend the charges against him in any way.

Under Fed. R. Crim. P. 5(a) "an officer making an arrest . . . without a warrant shall take the arrested person without unnecessary delay before the nearest available federal magistrate. . . ." *United States v. Purvis*, 768 F.2d 1237, 1238 (11th Cir. Fla. 1985). In *Purvis*, the court held that a five-day delay from the time of arrest on a vessel 350 miles from Key West, to the time of arraignment, was not an "unnecessary delay." *Id.* at 1239. Similar to the defendant in *Purvis*, the distance of the Petitioner's ship from its location in Honduran waters to port in the United States makes a seven day delay from arrest to arraignment reasonable. *Id.*

Petitioner's fourth contention is that cruel and unusual punishment during his transportation to port was a violation of the Eighth Amendment. The Petitioner alleges he

was shackled to the Coast Guard vessel, fed only rice, and blindfolded one full day.

The Petitioner makes no allegation that being fed rice, being blindfolded, and being shackled during transportation to port affected his guilty plea or sentence. Therefore, the Petitioner's contention of torture and cruel and unusual punishment during his detainment is an illegitimate ground for seeking habeas corpus relief. Title 28 U.S.C. §2255. In saying this, the Court is not accepting that the use of shackles is cruel and unusual punishment. Shackles are frequently used for security purposes. *See Zygadlo v. Wainwright*, 720 F.2d 1221, 1223 (11th Cir. Fla. 1983).

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. 1) is DISMISSED.

2. The Clerk is directed to terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#218, in the underlying criminal case, case number 8:07-cr-151-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on June 4, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-2146.deny 2255.wpd